UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

The Airporter, Inc.                                Case No. 06-15023-WCH
                                                   Chapter 11
        Debtor


**MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO DISMISS AND
LIMITED OBJECTION TO DEBTOR'S MOTION TO DISMISS**

**I. Introduction**

The matters before the Court are the motion of The Airporter, Inc. (the "Debtor") to dismiss its case and the limited objection of the United States of America, on behalf of its agency the Internal Revenue Service ("IRS").  As part of the Debtor's request for dismissal, which it seeks after having sold all of its assets, the Debtor requests authority to pay the IRS, an undersecured creditor, sixty percent of the sale proceeds and pay Debtor's counsel forty percent of the proceeds pursuant to 11 U.S.C. § 506(c).  The IRS contends that the statute is inapplicable and that it is entitled to the total amount of the sale proceeds.  For the reasons set forth in the findings of fact and conclusions of law set forth herein, I will enter an order granting the motion in part, and denying the motion in part.

**II. Background**

The Debtor filed for relief on December 28, 2006, and in the tax returns it attached to the skeletal petition, the Debtor indicated that it provided an airport shuttle taxi service.  The Debtor's schedules reflected that the Debtor had total assets worth $81,359.26 comprised largely

of vehicles and accounts receivable. The Debtor's liabilities totaled $392,646.60, the largest percentage being unsecured priority claims of the IRS and the Massachusetts Division of Unemployment. On January 3, 2007, the Court approved the Debtor's application to hire counsel ("Counsel"). The Claims Activity Report reflects that seven creditors filed proofs of claim. The claim of the IRS was for a total of $278,386.97 which comprised a secured claim for $81,359.26, a priority claim for $140,581.80 and an unsecured claim of $56,445.91.

On October 10, 2007, the Debtor filed Debtor's Motion for Authority to Sell Assets to AP Acquisition, Inc. Free and Clear of All Liens and Encumbrances ("Sale Motion") in which it represented that it was selling all of its assets for $50,000 as its significant tax liability made the prospect of a reorganization impossible. The Sale Motion and accompanying notice indicated that the assets of the Debtor would be sold free and clear of all liens, claims and encumbrances and that any enforceable liens would attach to the proceeds. The Debtor further explained that the sale would be followed by a liquidating reorganization plan. The notice specified that any claims to the proceeds would be subject to Counsel's claims pursuant to 11 U.S.C. § 506(c). As is the practice within this District, the Court filled in the blanks in the notice to provide the dates for the hearing and objection deadline. Thereafter, the Debtor issued the notice. *See* Docket No. 23.

The United States Trustee objected to the Sale motion arguing, *inter alia*, that the IRS lien is prior to all other liens except any purchase money security interests and that the sale would yield nothing for creditors and would only benefit insiders. The United States Trustee also filed a motion to convert the case to one under Chapter 7 as there was no prospect of reorganization ("Conversion Motion"). Shortly thereafter, the Debtor filed a liquidating plan of

reorganization and a motion to approve the same. The plan provided for the payment of Counsel's fees under 11 U.S.C. § 506(c).

The Court held a hearing on the Sale Motion and the Conversion Motion. At the hearing, the Debtor explained that the sale was necessary as it would be impossible to locate other buyers and preserve the business as a going business. The sale price was reasonable given that the account receivables were dated and the vehicles had excessive mileage. The Debtor offered that it would amend the plan of reorganization to address the concerns of the United States Trustee. To support her objection to the Sale Motion and in support of the Conversion Motion, the United States Trustee argued that the sale was inappropriate given that it was to an insider for a price that seemed collusive especially given that the Debtor made no efforts to market its assets. Further, the Trustee argued that the plan of reorganization could not be confirmed on a variety of grounds including that there would be no accepting impaired class. I ruled that, based upon the unique facts of this case, the asset sale was permissible notwithstanding that confirmation of the Debtor's plan was unlikely. I further denied conversion on the grounds that there would be no purpose as there would be no assets for a Chapter 7 trustee to administer given that the sole asset, the sale proceeds, would be subject to the lien of the IRS. I suggested that after the sale, a dismissal motion would be appropriate. A few days later the Debtor, with Court authority, withdrew its liquidating plan suggesting that its plan was unconfirmable.

Shortly thereafter, the Debtor filed the motion to dismiss ("Dismissal Motion") asserting that, as it had sold its assets, there was no further purpose to its case. The Debtor described that upon dismissal it would apply $30,000 of the sale proceeds to the IRS' claim and $20,000 of the proceeds toward Counsel's claim for attorney's fees. Apparently in support of its claim, Counsel

explained that in the notice of sale which accompanied the Sale Motion it had notified all creditors of its claim for attorney's fees under 11 U.S.C. § 506(c) and that it received no objection to that claim.

The IRS filed a limited objection in which it reiterated that it holds a pre-petition first-priority secured claim in all of the Debtor's assets (the "Objection").  The claim, it explained, is larger than the sale proceeds.  The IRS argued that 11 U.S.C. § 506(c) is not applicable to Counsel's request for payment of fees from the sale proceeds.  That section, it contended, can be used to charge a secured creditor's collateral only if the expenses are necessary, reasonable and incurred for the benefit of the creditor who, in fact, benefitted.  The IRS offered that the detailed time entries from the bill which Counsel attached to the Dismissal Motion reflect that the fees incurred benefitted only the Debtor and the estate generally but did not directly benefit the IRS.  Moreover, the IRS asserted that its lack of an objection to the Sale Motion cannot now be deemed an assent to the payment of Counsel's fees.

I held a hearing on the Dismissal Motion and Objection.[1]  At the hearing, the IRS and the Debtor reported that they were in the midst of settling the matter.  Shortly thereafter, they filed a status report in which they indicted that their efforts had failed and requested that the Court rule on the matter.  I then took the Dismissal Motion and Objection under advisement.

III.  **Discussion**

When I considered the Sale Motion, a plan of reorganization was pending on the docket. At the hearing, Counsel offered, and I agreed, that the matter of professional fees should be decided at a later hearing.  By the Dismissal Motion, the Debtor seeks to not only dismiss the

---

[1] There were no other objections or responses to the Dismissal Motion.

case but approval of its proposed distribution scheme. The Debtor seems to suggest that I must approve its proposal the based upon the payment scheme it suggested in the Sale Motion and the lack of objection thereto.

The United States Bankruptcy Appellate Panel of the Sixth Circuit addressed the issue of the authority of a bankruptcy court to approve a distribution which is based upon neither a Chapter 7 liquidation nor a Chapter 11 reorganization. *State of Ohio Dept. Of Taxation et al. v. Swallen's, Inc. (In re Swallen's)*, 269 B.R. 634 (B.A.P. 6th Cir. 2001). In that case, the debtor sold its assets while in Chapter 11 but not pursuant to a liquidating plan. After the debtor subsequently spent six years under the protection of the Bankruptcy Code without filing a reorganization plan, the state taxing authority moved to dismiss or convert the case or appoint a Chapter 11 trustee. In response, the debtor moved to dismiss. The court overruled the objections and authorized the debtor to distribute its funds pursuant to 11 U.S.C. § 507 and thereafter dismiss the case. The state taxing authority was denied a stay pending its appeal.

On appeal, the appellate panel explained that in reviewing the propriety of the distribution scheme, it did not find a case on point but determined that those cases which considered whether all-asset sales were permissible under the Code were highly relevant. *Id*. at 637. After its review of these cases, the appellate panel concluded:

> In ordering the distribution it did in this case, the bankruptcy court exceeded its powers under § 105 (a) by creating a hybrid creature not recognized by the Bankruptcy Code: a Chapter 7 without the protections of a trustee, or a Chapter 11 without the protections of a confirmed plan. We simply cannot find a basis in the Bankruptcy Code for permitting, over objections by interested parties, a distribution to creditors of all the assets in a Chapter 11 case absent a confirmed Chapter 11 plan.

*Id.* at 639.

The appellate panel ruled that the appeal was not moot as there was relief potentially

5

available to the taxing authority. It reversed and remanded the case. In doing so, the appellate panel explained that the bankruptcy court could convert the case to a Chapter 7, dismiss the case or maintain the case in a Chapter 11 with or without a Chapter 11 trustee. If it were the former, the appellate panel acknowledged that the appellants would, at a minimum, receive the benefit of a disclosure statement.

In the Dismissal Motion, the Debtor is not simply seeking dismissal of the case but rather approval of a scheme of distribution "upon dismissal" suggesting that the Court somehow already approved the distribution or that lacking an objection to the Sale Motion, the fee request of Counsel should be allowed. *See* Dismissal Motion, ¶ 7 ("Upon dismissal, the Debtor would, as stated in the Notice of Intended Private Sale of Assets issued by this Court on October 12, 2007 [Docket No. 22], pursuant to § 506(c), pay its counsel. . .The Internal Revenue Service did not object to the Sale Motion." ). The Debtor, however, mischaracterizes the notice which accompanied the Sale Motion. The Court merely filled out the dates on the notice and the Debtor issued the notice under the Debtor's name as the notice was not an order of the Court. Moreover, in the notice, the Debtor stated that any liens would attach to the proceeds subject to the claims of counsel under 11 U.S.C. § 506(c). That section provides that a "trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of such property . . . " 11 U.S.C. § 506(c). The notice suggested that Counsel would make a claim and did not provide that absent an objection to the sale motion Counsel would be entitled to fees.

Having considered the foregoing, I must turn back to the issue presented in *Swallen's Inc.*, the propriety of approving a final distribution in a Chapter 11 that is not pursuant to a

disclosure statement and plan of reorganization. For the reasons articulated in *Swallens' Inc.*, such a scheme is not contemplated in those sections of the Bankruptcy Code that address Chapter 11. The court in that case remanded for an order to dismiss without an approved distribution scheme, convert, or in order to provide the debtor with the opportunity to file and seek approval of a disclosure statement and liquidating plan.

In this case, I found at the hearing on the Sale Motion that conversion would not be beneficial to any party. The United States Trustee at that hearing and the Debtor, upon withdrawal of its plan, both acknowledged that the Debtor cannot submit a confirmable plan. The only alternative for this Debtor is dismissal without my imprimatur on a distribution plan. As such, I will enter an order granting that part of the Dismissal Motion that seeks dismissal and denying that part that seeks approval of a distribution plan. I need not address that portion of the Dismissal Motion that seeks approval of professional fees under 11 U.S.C. § 506(c).

## IV. Conclusion

For the reasons set forth above, the Court will enter an order granting the Dismissal Motion, in part and denying the Dismissal Motion, in part.

_____
William C. Hillman
Dated: February 11, 2008                             U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____